UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA KRENESKY ) | CIVIL ACTION |
|     Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CREDITORS FINANCIAL GROUP, LLC ) | |
|     Defendant ) | JULY 23, 2013 |

## COMPLAINT

1. This is a suit brought by a consumer under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* against Creditors Financial Group, LLC ("CFG"). Plaintiff also includes pendent state law claims for CFG's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a *et seq*.

2. Plaintiff, Jessica Krenesky, is a consumer residing in Beacon Falls, Connecticut.

3. CFG is a New York limited liability company with offices in Aurora, Colorado, is a "debt collector" as defined by the FDCPA, and is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. This Court has jurisdiction over CFG because it regularly collects debts in Connecticut.

6. Venue is proper because the transaction alleged herein occurred in this state.

7. On or around early March 2013, Plaintiff began receiving calls on her cellular telephone from 1-888-298-7107, a number belonging to CFG, regarding a credit card debt that she was unable to pay (the "Debt").

8. When Plaintiff spoke with a CFG representative in March, she expressed that she was unable to pay the debt.

9. The CFG representative with whom Plaintiff spoke aggressively pressed Plaintiff to make a payment despite Plaintiff's statements that she was unable to pay.

10. Following this exchange, Plaintiff refrained from answering calls from CFG because she felt that, given her financial situation and CFG's apparent unwillingness to accept her response to their requests to pay, further exchanges with CFG were futile until she became able to make a payment.

11. In or around early April 2013, CFG contacted Plaintiff's parents' land line in an attempt to collect the Debt.

12. Plaintiff resides in the same home as her parents, but she lives in a separate apartment downstairs and maintains her cell phone as her separate phone line.   Plaintiff does not usually accept phone calls on her parents' phone line.

13. Upon receiving the phone call, Plaintiff's mother informed Plaintiff that she had a phone call on her telephone line.

14. Plaintiff answered the phone call and spoke with a CFG employee who identified himself as "Ali".

15. Plaintiff told Ali that the number he had called was her parent's phone number and that, if CFG needed to reach her, they should call her cell phone number.

16. Ali told Plaintiff that CFG would refrain from calling her parents' phone number.

17. The following day, CFG placed a call to Plaintiff's parents' phone number, and CFG has continued to contact Plaintiff's parents' number regularly ever since in an attempt to collect the Debt.

18. CFG has left messages referencing the Debt on Plaintiff's parents' answering machine despite its knowledge that the answering machine is not Plaintiff's answering machine.

19. Specifically, the messages left on Plaintiff's parents' answering machine state that the message is from a debt collector attempting to collect a debt.

20. On one occasion, CFG left a message on Plaintiff's parents' answering machine indicating that Plaintiff needed to pay the Debt or CFG "would move forward".

21. The message was distressing to Plaintiffs' parents because they were unsure of what CFG meant by "move forward."

22. At each time CFG placed a call to Plaintiff's parents, it had valid location information for Plaintiff, as evidenced by the regular calls CFG continued to place to Plaintiff's cell phone during this time period.

23. Plaintiff has contacted CFG from her cellular telephone and instructed it not to contact her parents' telephone number, but CFG has continued to place calls to Plaintiff's parents.

24. On or around May 22, 2013, CFG placed several successive calls to Plaintiff's brother's cellular telephone from telephone number 888-289-7107.

25. Plaintiff's brother does not reside with Plaintiff or her parents.

26. After several calls, Plaintiff's brother answered and spoke with a representative who identified himself as Anthony Maley ("Maley") of CFG.

27. Maley requested to speak with Plaintiff.

28. Although Maley did not expressly reference the Debt, it was apparent from Maley's request and his identification of his employer that the call was in reference to a Debt relating to Plaintiff.

29. Plaintiff's brother informed Maley that the number he had reached was his personal cell phone and that Plaintiff could not be reached there.

30. Prior to and following the call to Plaintiff's brother, CFG had placed calls to Plaintiff's cellular telephone.

31. At the time that it contacted Plaintiff's brother, CFG had valid location information for Plaintiff, as evidenced by its continued calls to Plaintiff's cell phone.

32. As a result of the conduct of CFG, Plaintiff has suffered actual damages in the form of severe emotional distress and embarrassment.

33. Specifically, CFG has caused Plaintiff's parents to become distressed over her financial situation, which, in turn has caused Plaintiff to become increasingly distressed.

34. Additionally, Plaintiff's parents and brother were unaware of her financial situation prior their receipt of calls from CFG, which forced Plaintiff to disclose her financial situation to them.

35. CFG violated the FDCPA § 1692c(b) by communicating with Plaintiff's parents regarding the Debt without the prior consent of Plaintiff for purposes other than obtaining Plaintiff's location information.

36. CFG violated the FDCPA § 1692c(b) by communicating with Plaintiff's brother regarding the Debt without the prior consent of Plaintiff for purposes other than obtaining Plaintiff's location information.

37. CFG violated the FDCPA § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of the debt. Specifically, CFG continued to contact Plaintiff's family members despite having valid location information for Plaintiff so that she would be induced to answer its calls and pay the Debt.

38. CFG's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiff ascertainable losses, including, but not limited to, electricity costs associated with charging her cell phone after placing calls to CFG and instructing them not to contact her parents' telephone number, as well as lost enjoyment of her home.

WHEREFORE, the Plaintiff claims actual damages and statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a); attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. §42-110g.

                PLAINTIFF JESSICA KRENESKY

            By: /s/ Hailey R. Gallant
                Daniel S. Blinn (ct02188)
                Hailey R. Gallant (ct29150)
                Consumer Law Group, LLC
                35 Cold Spring Rd, Suite 512
                Rocky Hill, CT  06067-9997
                dblinn@consumerlawgroup.com
                hgallant@consumerlawgroup.com
                Tel (860) 571-0408
                Fax (860) 571-7457